FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE TRAVELERS INDEMNITY CO., a Connecticut corporation, as subrogee to WASHINGTON STATE UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>HOFFMAN CONSTRUCTION COMPANY OF WASHINGTON, a Washington corporation,<br><br>Defendant. | NO. 2:16-cv-00431-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for Lack of Subject Matter Jurisdiction, ECF No. 15. The motion was heard without oral argument. Plaintiff is represented by William E. Pierson; Defendant is represented by Grant Lingg.

## Motion Standard

Fed. R. Civ. P. 12(b)(1) authorizes motions to dismiss based on lack of subject-matter jurisdiction. In reviewing motions under Rule 12(b)(1), the Court assumes the material facts alleged in the complaint are true. *Savage v. Glendale Union High Sch., Dist. No 205, Maricopa Cnty*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). Fed. R. Civ. P. 12(h)(3) instructs that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Thus, a 12(b)(1) motion may be raised by a party, or by a court on its own initiative, at any

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1**

stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

**Background Facts**

The following facts are taken from Plaintiff's Complaint:

A fire sprinkler pipe disconnected causing substantial property damage to computer equipment located within the Information Technology Building situated on the campus of Washington State University (WSU). Plaintiff insured the IT Building and computer equipment. WSU filed a claim for the damage and Plaintiff paid WSU $190,806.88 less a $10,000 deductible.

Plaintiff brought suit against Defendant, who was the general contractor on a project at WSU for the renovation of the press box and south side grandstands for Martin Stadium on the WSU campus ("Southside Project"). Plaintiff alleges that the fire sprinkler pipe disconnected due to external cold air that penetrated the building envelope. The cold air penetrated the building envelope because a seven foot by two foot hole in the north exterior wall cut during construction activities associated with the Southside Project was not sealed as part of those construction activities.

Plaintiff is asserting two claims against Defendant: (1) negligence and (2) breach of contract. It is seeking damages in the amount that it paid WSU, specifically $180,806.88. It is proceeding pursuant to the subrogation clause contained in the property insurance policy issued by Plaintiff to WSU, which states:

> 2. Subrogration – All Other Coverages
>
> If any person or organization to or for whom the Company makes payment under this policy has rights to recover damages from another, those rights are transferred to the Company to the extent of such payment. That person or organization must do everything necessary to secure the Company's rights and must do nothing after the loss to impair them. The Company will be entitled to priority of recovery against any such third party (including interest) to the extent payment

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2**

> has been made by the Company, plus attorney's fees, expenses or costs incurred by the Company.

In its Complaint, Plaintiff alleges jurisdiction is proper under 28 U.S.C § 1332, diversity of citizenship. Plaintiff is a Connecticut corporation. Defendant is a Washington corporation. It is undisputed that WSU is a Washington state resident.

## Analysis

Defendant argues the Court does not have subject matter jurisdiction over this matter, relying on *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089 (9th Cir. 2004). In that case, the Ninth Circuit held that the insured, not the insurer, was the real party in interest and pursuant to FRCP 17(a) they must be named as plaintiffs. *Id.* at 1094. There, because the inclusion of the real party in interest in the lawsuit would have destroyed diversity jurisdiction so that the district court would not have subject matter jurisdiction over the action, it remanded for the district court to dismiss the action. *Id.* at 1095.

*Hughes* requires that the Court grant Defendant's motion and dismiss with action without prejudice. Here, under Washington law, the real party in interest in the lawsuit is WSU. Because the inclusion of WSU will destroy diversity jurisdiction, the Court does not have subject matter jurisdiction over this action.

Plaintiff asserts that *Hughes* was wrongly decided, relying on *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366 (1949). In that case, the U.S. Supreme Court held that if the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest. *Id.* at 380-81. This proposition was recently cited by the Ninth Circuit in *Liberty Mut. Fire Ins. Co. v. EZ-FLO Int'l, Inc.*, 877 F.3d 1081, 1085 (9th Cir. 2017). However, in both cases, the underlying claims were based on federal statutes. In *Aetna*, the statute was the Federal Tort Claims Act, 338 U.S. at 367, and in *EZ-FLO International*, the insurers initially brought a class action in state court and the question was whether removal was proper under the

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3**

Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d). 877 F3d at 1083. It is well established that courts are to look to state law in diversity actions to identify the real party in interest. *See Hughes*, 358 F.3d at 1093-94 (citing *Am. Triticale, Inc. v. Nytco Servs., Inc.*, 664 F.2d 1136 (9th Cir. 1981) and *Glacier Gen. Assurance Co. v. G. Gordon Symons Co., Ltd.*, 631 F.2d 131 (9th Cir. 1980) for the proposition that "whether Allstate is the real party in interest under Fed. R. Civ. P.17(a) in this federal diversity suit is dependent upon whether Allstate is a proper party to maintain this action under applicable state law . . . It is well-settled that a federal court exercising diversity jurisdiction must apply substantive state law.").

Plaintiff also argues that it is not bringing a subrogation action; rather, it is bringing the claim based on the assignment contained in the insurance policy. Under Washington law, an assignee prosecutes an assigned cause of action under its own name as the real party in interest. *See* Wash. Rev. Code § 4.08.080 (stating that "[a]ny assignee or assignees ... may, by virtue of such assignment, sue and maintain an action or actions in his or her name ....").

> [s]ubrogation presupposes actual payment and satisfaction of a debt or claim to which the payor is subrogated, whereas under an assignment of a right or claim, the whole right or claim is assigned. In essence, while subrogation is a designation of proceeds recovered from a wrongdoer, an assignment transfers the entire cause of action to the insurer.

16 Couch on Ins. § 222:53 (3rd ed.).

The plain language of the policy is clear that it does not contemplate that the entire cause of action is transferred to Plaintiff. Rather, the rights of the insured are transferred only to the extent of any payment made by the insured. Moreover, the caption of this action makes clear that Plaintiff is bringing this action as "subrogee" of WSU.

Accordingly, **IT IS ORDERED:**

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** ~ 4

1. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for Lack of Subject Matter Jurisdiction, ECF No. 15, is **GRANTED**.

2. The above-captioned action is **dismissed** without prejudice.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and close the file.

**DATED** this 1st day of June, 2018.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5**